UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>   v.            )   Case No. 1:21-CR-118 (RCL)<br>)<br>ERIC MUNCHEL and       )<br>LISA MARIE EISENHART    )<br>               ) | |

**DEFENDANTS' JOINT RESPONSE TO
GOVERNMENT'S NOTICE OF FILING AND MOTION TO SEAL
AND MOTION TO SUPPLEMENT RECORD WITH SEALED VIDEO**

NOW COME Defendants Eric Munchel and Lisa Marie Eisenhart, by and through their undersigned appointed counsel, and respond to the Government's Notice of Filing and Motion to Seal, as well as its motion designed to supplement the appellate record (Motion to Supplement Record with Sealed Video) in their now-pending appeals of this Court's detention orders.

Although the Government's own descriptions of its actions generally try to avoid using the phrase *ex parte*, its filings make quite plain that this is precisely what happened here:

> In providing the Court with the videos—to include the six Capitol building CCTV videos *that were not part of the underlying record or yet disclosed to the defense*—undersigned counsel mistakenly believed that all of the videos had already been disclosed to local defense counsel and were part of the factual record arising from the detention hearing in Tennessee *and thus did not serve local counsel with the exhibits upon transfer of the case.*

ECF #35, at 1-2 (emphasis added). Questions also arise from this "mistake[]" claim.

First, it is troubling that this problem comes on the heels of the Government's wrongful efforts to obtain emergency stays of U.S. Magistrate Frensley's conditional release orders in Tennessee. See ECF #15 (describing procedural due process violations in failures to provide Defendants with fair notice, appointment of counsel, or adversary hearing in this District – and

1

reviewing Court with a copy even of Defendant Eisenhart's prior adversary briefing – prior to entry of one-sided stay requests).

Second, this "mistake[]" was not a one-time event. In addition to the *ex parte* letter and "supplemental exhibits" sent to this Court's Chambers shortly before Defendants' joint detention hearing on February 17, 2021, ECF #35-1, we now know a separate *ex parte* letter with those same exhibits was also sent to Chief Judge Howell on February 3, 2021, ECF #35-2 (first disclosed to defense counsel this Tuesday). Moreover, we now also know that other private emails, revealed to defense counsel only after their detentions were appealed, were also sent by the prosecution to Chambers. There appears to have been a <u>pattern</u> of *ex parte* communications exhibited in this case.

Third, the Government provides no basis, whatsoever, to explain how it could have reasonably believed that all of these videos, including all eight Capitol building CCTV videos, had "already been disclosed to defense counsel." ECF #35, at 1. The Government did not provide *any* videos to local defense counsel prior to the February 17 detention hearing. Nor does the Government provide any explanation of how it could have reasonably believed that all eight Capitol building CCTV videos had been produced to defense counsel either here or in Tennessee, or "were part of the factual record arising from the detention hearing in Tennessee." ECF #35, at 2. One AUSA (Ahmed Baset) who twice provided *ex parte* materials to this Court was present at, and even spoke at, Mr. Munchel's Tennessee detention hearing. *See* Jan. 22, 2021 Tr. of Munchel Detention Hearing at 163-168. He was fully aware that the Government had not submitted *any* videos during Mr. Munchel's Tennessee detention hearing. Nor had the Government introduced any videos at Eisenhart's Tennessee detention hearing – the only videos submitted in the Magistrate Court as exhibits were introduced by the defense. In addition, when

this AUSA twice submitted the 50-minute video, eight other videos, and "rough" transcript to this Court, he surely knew the letters accompanying those materials did not include any "cc" to defense counsel.  His *ex parte* submissions were also submitted simultaneously with full transcripts of the Tennessee hearings – which themselves revealed that only two of the eight Capitol building CCTV videos had even been discussed during those hearings.  *Compare* Feb. 3, 2021 letter & Feb. 17, 2021 letter (both submitting videos *together with* full Tennessee transcripts) *with* Jan. 25, 2021 Tr. of Eisenhart Detention Hearing, at 81-82 (Eisenhart's Tennessee defense counsel introduces Defendant's Exhibits 7 & 8 as "excerpts from two security cameras that Mr. – that the Government provided to defense counsel").

Even if the Government did provide the 50-minute video to Munchel's Tennessee defense counsel, it knew it had not provided this video to either of undersigned counsel and, more importantly, had not notified undersigned counsel that it had submitted that video to this Court.  Due Process, ethical rules, and the Federal Rules required more.  *See* American Bar Association Rule 2.9 ("A judge shall not . . . consider *ex parte* communications . . . concerning a pending or impending matter...."); Fed. R. Crim. P. 49 (requiring parties to serve motions and record materials on opposing party).  Defense counsel had no reason to know or believe the Government had provided the 50-minute video or the other referenced materials to this Court before the February 17th detention hearing – especially since the Government had not introduced videos in either of the Tennessee detention hearings.[1]  *See* Jan. 22, 2021 Tr. of Munchel

---

[1] In its motion requesting to supplement the record with this 50-minute video, the Government asserts that "in Tennessee, [Mr. Munchel] introduced under seal *excerpts* from the iPhone video." ECF #36, at 2 (emphasis supplied).  To be clear, Mr. Munchel introduced *one* 12-minute excerpt from the 50-minute video.  He also introduced under seal another video taken the night before, on January 5, 2021.  *See* Jan. 22, 2021 Tr. of Munchel Detention Hearing at 118 (Court confirms defense counsel had provided the two videos to Government counsel).  Mr. Munchel's counsel submitted those same two videos to this Court on February 10, 2021, and provided them

Detention Hearing at 78; Jan. 25, 2021 Tr. of Eisenhart Detention Hearing (verifying that only Government Exhibit submitted was Exhibit No. 1, the Amended Criminal Complaint).  In fact, during the joint detention hearing held here, Munchel's counsel even asked this Court if it had reviewed the two more limited videos she had submitted under seal.  *See* Feb. 17, 2021 Tr. at 17.  Yet no one ever mentioned other videos the Government had submitted – then, or even after Munchel's counsel later addressed another allegation claiming Munchel had helped protesters outside the Capitol, when she specifically noted how, "*Unfortunately, the Court doesn't have that portion of the video*.  I didn't send you the whole 50 minutes.  I sent the part inside the Capitol."  *Id.* at 27 (emphasis added).  As this comment verifies, Munchel's counsel plainly did not believe, and had been given no reason to know, that Munchel's entire 50-minute iPhone video had been submitted to this Court.  Unaware that this video had been submitted *ex parte*, counsel did not make arguments specifically addressing all of the words and conduct in that video.  The Government's Motion's suggestion that prejudice to these Defendants is absent here, *see* ECF 36 at 3, thus falls flat.

      Finally, even if the Government somehow could have plausibly believed all these videos had previously been provided to Tennessee defense counsel, that still fails to address the "unofficial rough transcript" of Munchel's 50-minute video that it also submitted *ex parte*.  The Government had no viable reason whatsoever to believe this had ever previously been provided to defense counsel, in Tennessee or locally.  Undersigned defense counsel thus had no opportunity to review this rough transcript for accuracy or completeness prior to this Court's joint detention hearing, and no reason to even know it existed.  Undersigned defense counsel first

---

to the Government again the same day, because that is what the law requires – both the discovery *and* the fact that it is being submitted to a court.

learned of this rough transcript's submission to this Court (and its existence) only after their joint detention hearing had already ended and their appeals had been filed.  And even if all such items sent to this Court had been previously produced in discovery, the submission letters *themselves* could not properly be submitted *ex parte*, since they involved the Government specifically asking this Court to take special notice of these rough transcriptions.  *See* Feb. 3, 2021 letter, ECF #35-2 ("*To focus your review*, partial draft transcriptions of the video recordings are being provided."); Feb. 17, 2021 letter, ECF #35-1 ("*To help with the Court's review*, partial transcriptions of the video recordings are being provided.") (emphasis added).  Indeed, the fact that these were described as "partial" transcriptions naturally suggests that key mitigating portions may well have been left out.

While Fed. R. App. P. 10(e)(2)(B) is designed to allow a record on appeal to be corrected when omissions are due to mere "error or accident," it does not allow for supplementation of the record to add documents not timely shared with the defense, not filed in the Magistrate Court below, and submitted to this District Court only *ex parte*, prior to its proceedings that yielded the very ruling that is now under appeal.

Accordingly, the Government's Motion to Supplement the Record should be denied.

Dated:  March 4, 2021                              Respectfully submitted,

A.J. KRAMER                                        ___/s/ Gregory S. Smith_____
FEDERAL PUBLIC DEFENDER            Gregory S. Smith (D.C. Bar #472802)
                                                            Law Offices of Gregory S. Smith
      /s/                                              913 East Capitol Street, S.E.
_____           Washington, D.C.  20003
SANDRA ROLAND                              Telephone: (202) 460-3381
Assistant Federal Public Defender        Facsimile: (202) 330-5229
625 Indiana Avenue, NW                      Email: gregsmithlaw@verizon.net
Washington, DC  20004
(202) 208-7500                                      *Counsel for Lisa Marie Eisenhart*
sandra_roland@fd.org
*Counsel for Eric Munchel*