# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-CR-00118-RCL-1** |
| | ) | |
| **ERIC GAVELEK MUNCHEL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS THE SUPERSEDING INDICMENT AS DEFECTIVE

The Defendant, Eric Munchel, by and through his Counsel, tenders this motion to dismiss all charges within the Second Superseding Indictment as defective for lack of specificity, multiplicity, and failure to state an offense, pursuant to Federal Rules of Criminal Procedure Rule 12b. A brief in support is being submitted simultaneously with this Motion.

Respectfully submitted,

Joseph W. Allen, MO BAR #57669
1015 W. State Hwy. 248 Ste. I
Branson, MO 65616
Telephone:  417/334-6818
Facsimile:  417/612-7081
joe@mybransonattorney.com
**Attorney for Defendant**

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of March 2023, I filed the foregoing Motion to Dismiss the Second Superseding Indictment as Defective and a proposed Order by the Court's CM/ECF system. All case registered parties will be served by CM/ECF.

_____
Joseph W. Allen

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-CR-00118-RCL-1** |
| | ) | |
| **ERIC GAVELEK MUNCHEL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE
SUPERSEDING INDICTMENT AS DEFECTIVE**

The Defendant, Eric Munchel (Mr. Munchel), by and through Counsel, pursuant to Rule

12(b)(ii), (iii), and (v), requests that this Court dismiss all charges against Mr. Munchel as they

lack sufficient specificity and are prejudicially multiplicitous. Specifically, Mr. Munchel moves

the Court to dismiss the Second Superseding Indictment as to Counts One, Two, Three, Five, and

Nine for lack of sufficient specificity; Counts Two, Five, Eight, Nine and Ten as multiplicitous;

Counts Three, Five, and Seven for multiplicity and for failure to state an offense as a Taser, as a

matter of law, is not a deadly or dangerous weapon.

I.     **FACTUAL BACKGROUND**

On January 10, 2021, Mr. Munchel was arrested in the State of Tennessee on a complaint

alleging charges arising out of events on January 6, 2021. (*See* ECF Dkt. 1). The Indictment and

subsequent superseding indictments against Mr. Munchel names one Lisa Eisenhart as a co-

defendant. Mr. Munchel was granted release on his own recognizance on March 29, 2021 and has

remained so since.

The full charges alleged against Mr. Munchel are:

1. **(Conspiracy to Commit Obstruction,** in violation of Title 18, United States Code, Sections 1512(k))
2. **(Obstruction of an Official Proceeding and Aiding and Abetting,** in violation of Title 18, United States Code, Section 1512(c)(2) and 2)
3. **(Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon,** in violation of Title 18, United States Code, Sections 1752(a)(1), (b)(1)(A))
4. **(Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon,** in violation of Title 18, United States Code, Sections 1752(a)(2), (b)(1)(A))
5. **(Unlawful Possession of a Dangerous Weapon on Capitol Grounds of Buildings,** in violation of Title 40, United States Code, Sections 5104(e)(1)(A))
6. **(Entering and Remaining in the Gallery of Congress,** in violation of Title 40, United States Code, Section 5104(e)(2)(B))
7. **(Disorderly Conduct in a Capitol Building,** in violation of Title 40, United States Code, Section 5104(e)(2)(D))
8. **(Parading, Demonstrating, or Picketing in a Capitol Building,** in violation of Title 40, United States Code, Section 5104(e)(2)(G))

These charges are alleged in the Second Superseding Indictment under Counts One, Two Three, Five, Seven, Eight, Nine, and Ten respectively.

## II.      LEGAL STANDARD

A criminal defendant may move to dismiss an indictment before trial based on a "defect in the indictment," including for "lack of specificity" and "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(iii), (v). "[A] pretrial motion to dismiss an indictment … allows a district court to review the sufficiency of the government's pleadings, but it is not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 154 (D.D.C. 2015) (citation and internal quotation marks omitted). "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes." *United States v. Sunia*, 643 F. Supp. 2d 51, 60 (D.D.C. 2009).

4

[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974). The notice requirement "is established in the Sixth Amendment, which provides that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation[.]'" *United States v. Hillie,* 227 F. Supp. 3d 57, 69 (D.D.C. 2017) (quoting U.S. Const. Amend. VI). "A valid indictment also preserves the Fifth Amendment's protections against abusive criminal charging practices; specifically, it guarantees that a criminal defendant can only be prosecuted for offenses that a grand jury has actually passed up on, and that a defendant who is convicted of a crime so charged cannot be prosecuted again for that same offense.

*Id.*

For an indictment to have sufficient specificity, "the indictment may use the language of the statute, but that language **must be supplemented with enough detail to apprise the accused of the particular offense with which he is charged**." *Id.* at 72 (emphasis added). An indictment that is drawn in the generic words of a statute and that fails entirely to describe in any meaningful way the alleged acts of the defendant that constitute the offenses charged as insufficient to notify a defendant of the nature of the accusations against him. *Id*. at 73. An indictment must be viewed as a whole, and the allegations must be accepted as true in determining if an offense has been properly alleged. *United States v. Bowdin*, 770 F. Supp. 2d. 142, 146 (D.D.C. 2011). The operative question is whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed. *Id.* Further, "The test for sufficiency is whether it is fair to require the accused to defend himself on the basis of the charge **as stated in the indictment**[,]" *United States v. Conlon*, 628 F.2d 150, 155, 202 U.S. App. D.C. 150 (D.C. Cir. 1980) (emphasis added).

In regard to multiplicity, the law protects defendants against multiplicitous indictments to avoid multiple sentences for a single offense and prevent prejudice which such overbearing

indictments may generate in the eyes of a jury. *United States v. Phillips*, 962 F. Supp. 200, 202 (1997). When an indictment charges multiple offenses arising from the same conduct it" [ma]y falsely suggest[] to a jury that a defendant has committed not one but several crimes" and falsely suggest the defendant must be guilty of at least some of them. *Id*. This prejudicial practice threatens to pose significant threats to the proper functioning of the jury system. *Id*. An indictment is multiplicitous, and thereby defective, if a single offense is alleged in a number of counts, unfairly increasing a defendant's exposure to criminal sanctions." *United States v. Brown*, No. 07-cr-75, 2007 WL 2007513, at *6 (D.D.C. July 9, 2007).

## III.    ARGUMENT

The Superseding Indictment against Mr. Munchel is defective for multiple reasons. (*See* Second Superseding Indictment as to Eric Munchel at ECF 140). With perhaps the sole exception of Count Eight, the Second Superseding Indictment is entirely deficient in regard to specificity, lacking almost any details specific to the allegations against Mr. Munchel apart from restating the language of the statute. Critically, the Indictment lacks specificity in the key area of describing Mr. Munchel's conduct that would satisfy the elements of the offenses charged, failing to give Mr. Munchel fair notice.  The Superseding Indictment is also defective with regard to any enhancements for the use or carrying of a deadly or dangerous weapon because as a matter of law, a Taser is not a deadly or dangerous weapon. Finally, the Superseding Indictment is defective because it has multiplicitous charges for the same offense(s)[1], and the Government must choose which charges to bring or else risk unconstitutionally biasing the jury.

---

[1] The language of the Second Superseding Indictment is so vague that the Defense is unable to say with any certainty if there are separate and distinct allegations or if, as is suspected, the Government has bootstrapped multiple counts from single alleged acts.

For these reasons, when considering the four corners of the Second Superseding Indictment, the face of the Second Superseding Indictment, and the language of the charges, the Second Superseding Indictment is defective in violation of the Federal Rules of Criminal Procedure Rule 7, and Mr. Munchel's Fifth and Six Amendment rights. This Second Superseding Indictment, therefore, must be dismissed.

### A.  Mr. Munchel's Second Superseding Indictment Charges Lack Specificity to Such a Degree as to Render the Superseding Indictment Impermissibly Vague

Pretrial motions to dismiss for lack of specificity in the indictment are appropriate under the Federal Rules of Criminal Procedure. Fed. R. Crim. P. 12(b)(3)(B)(iii). An indictment is sufficient if it, "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling*, 418 U.S. at 117. The indictment may use the language of the statute but must be supplemented with enough detail to apprise the accused of the particular offense with which he is charged. *Hillie*, 227 F. Supp. 3d at 72. An indictment that is drawn in the generic words of a statute and that fails entirely to describe in any meaningful way the acts of the defendant that constitute the offenses charged, is insufficient to notify a defendant of the nature of the accusations against him. *Id.* at 73.

The Second Superseding Indictment against Mr. Munchel fails to describe in any meaningful way the acts that constitute the offenses charged. The language in the Indictment mirrors the language of the statute but is not "supplemented with enough detail to apprise the accused of the particular offense with which he is charged." *See id.*; *see also*, *Hillie*, 227 F. Supp. 3d at 72. This lack of fair notice fails to meet the burden posed to the government and, without correction by the Court, would deprive Mr. Munchel of fair notice of the charges alleged.

The Superseding Indictment does not describe the "who, what, where, or how" of Mr. Munchel's conduct that led to the charges. *See id*.

To wit:

**Count One** simply restates the wording of the Statute and fails to state or allege what conduct or actions were committed by Mr. Munchel that would tend to qualify as conspiratorial, how such alleged conspiracy qualifies as obstructive, influential, or an impediment to an official proceeding, fails to identify the official proceeding against which this alleged conspiracy was aimed, and fails entirely to qualify or explain how with such certainty it is asserted that Mr. Munchel "knowingly and intentionally" committed the alleged offense.

**Count Two** simply restates the wording of the Statute and fails to state with any specificity or clarity what alleged actions or conduct Mr. Munchel committed that could be qualified as obstructive, influential, or impeding and further fails to qualify or explain how with such certainty it is asserted that Mr. Munchel "attempted to and did corruptly" engage in or commit any action, let alone the insinuation which seeks to assert the intent of Mr. Munchel.

**Count Three** simply restates the wording of the Statute and fails entirely to identify the location of the alleged offense with any specificity, instead simply referring to the potential of the entirety of the United States Capitol to be a restricted area by virtue of an impending visit by the Vice President, which, considering the United States Capitol is where the Vice President of the United States is going to be found, makes the vagueness of this charge all the more asinine. Further Count Three fails to state an offense as a Taser is neither a deadly nor a dangerous weapon.

**Count Five** simply restates the wording of the Statute and does not discuss with any specificity the alleged actions of Mr. Munchel which would qualify as disorderly and disruptive, fails to

specify how such vaguely alleged conduct had any effect on any Governmental business or function, fails to identify the Governmental business or function at issue, fails to identify with any specificity the location within the United States Capitol these alleged actions are to have occurred, and further fails to qualify or explain how, with such certainty it is alleged that Mr. Munchel "knowingly and with intent" committed any action. Further, Count Five fails to state an offense as a Taser is neither a dangerous nor deadly weapon.

**Count Seven** simply restates the wording of the Statute and does not with any specificity identify the location of the alleged offense and further fails to state an offense as a Taser is not a dangerous or deadly weapon.

**Count Eight** simply restates the wording of the Statute and fails to either identify specifically where the alleged act is to have occurred, listing two possible locations and choosing neither, or to qualify or explain how with such certainty it is alleged that Mr. Munchel "willfully and knowingly" committed any alleged offense.

**Count Nine** simply restates the wording of the Statute and does not with any specificity identify the alleged actions or conduct of Mr. Munchel that could be qualified as disorderly or disruptive, fails to identify the specific location where the alleged offense is to have occurred, and fails to identify with any specificity what Congressional or Governmental function Mr. Munchel is to have disrupted. Further still, said count fails entirely to qualify or explain how with such certainty it is asserted that Mr. Munchel "willfully and knowingly" committed the alleged offense.

**Count Ten** simply restates the wording of the Statute and does not with any specificity identify the alleged acts which could constitute parading, demonstrating or picketing, fails to identify the

9

exact location of the alleged offense, and fails entirely to qualify or explain how with such certainty it is asserted that Mr. Munchel "willfully and knowingly" committed any action.

The charges in the Second Superseding Indictment lack any specificity with which Mr. Munchel could be aware of his conduct which led to the charge and formulate a defense. The Second Superseding Indictment is Constitutionally deficient due to its lack of specificity on all counts and must be dismissed[2]. *See* Hillie, 227 F. Supp. 3d at 71.

### B.      The Superseding Indictment Is Defective as Counts, Three, Five, and Seven Fail to State an Offense as a Taser is Not a Dangerous Weapon Under Law.

Counts Three, Five, and Seven should also be dismissed with regard to their enhancement for the carrying or use of a deadly or dangerous weapon. As a matter of law, a Taser is not a dangerous weapon under the statute. *See* Fed. R. Crim. P. 12(b)(3)(B)(v).

#### 1.   Taser

The Second Superseding Indictment specifically identifies the alleged weapon as a Taser, which must be identified as distinct from the common electric pulse or "stun" device. A Taser[3] is a common law enforcement tool with several civilian variants available. It is

---

[2] While the issue of "the vagueness doctrine" has been reviewed by the Courts, it must be noted that the challenge here is not that the wording of the Statutes themselves are impermissibly vague, so as to raise a Constitutional challenge to the Statutes as they exist as law, but rather that the Second Superseding Indictment fails to specifically apply the Statutes to Mr. Munchel's alleged conduct. While it may be true that a reasonable person can understand what is meant by, say "impeding", the Second Superseding Indictment and the contents thereof are not held to a reasonable person's comprehension standard, but rather if the Statutes under which the alleged offenses charged are "…supplemented with enough <u>detail</u> to apprise the accused of the <u>particular</u> offense with which he is charged." *United States v. Sunia*, 643 F. Supp. 2d, 72 (D.D.C. 2009) (emphasis added). In this case, there exists no specific detail in the Second Superseding Indictment at all, let alone "enough detail" by which to be informed of the "particular offense". *Id*. While any one of the verbs used to describe the alleged conduct of Mr. Munchel in the Indictment can readily be understood as concepts by the reasonable person, they fail utterly to describe a *specific* action. At that point, with a lack of any sufficient detail or contextual specificity, the charges become mere subjective speculation. Thus, as a matter of law, are impermissibly vague.

[3] https://taser.com/products/taser-pulse?_pos=1&_psq=pulse&_ss=e&_v=1.0

specifically designed and marketed as less a lethal self-defense tool. Interestingly, the United States Capitol Police discuss what is prohibited on the grounds and in Capitol buildings.  The website[4] states "pursuant to the United States and district of Columbia Criminal Codes, firearms, dangerous weapons, explosives, or incendiary devices are prohibited on *U.S. Capitol Grounds (*emphasis added).  Prohibited items in the U.S. Capitol & Capitol Visitor Center (i.e., the buildings) include "weapons," and specifically itemizes "electric stun guns." This language is mirrored on the United States Capitol website as well. Clearly, had United States and District of Columbia Codes, as well as the United States Capitol Police wished to prevent the carrying of a Taser and its variants on Capitol grounds, they would have specifically stated it as such. A Taser, therefore,  is permitted to be carried on Capitol grounds, just not inside any Capitol buildings[5].

2.  **The United States Sentencing Guidelines provide the only guidance for a definition of whether a Taser is a deadly or dangerous weapon.**

Neither 18 U.S.C. § 1752 nor 18 U.S.C § 111 contains any definition for deadly or dangerous weapon. *See* 18 U.S.C. § 1752 and 18 U.S.C. § 111. As such, the definition should come from the most commonly understood definition, which appears in the Sentencing Guidelines. *See* U.S. Sentencing Guidelines Manual § 1B1.1 cmt. n.1(E) (U.S. Sentencing Commission 2018); *see also id* § 2A2.2 cmt. N.1.

---

[4] https://www.uscp.gov/visiting-capitol-hill/regulations-prohibitions/prohibited-items#:~:text=Prohibited%20Items%20in%20the%20House%20and%20Senate%20Galleries&text=device%2C%20and%20fireworks.-,Mace%20and%20pepper,Aerosol%20containers.
[5]The undersigned has found no information that in anticipation of January 6, 2021, the United States Capitol Police or any other party with authority to do so, banned the carrying of a Taser on Capitol GROUNDS.

A dangerous weapon is defined as an object or weapon that must be likely to cause "serious bodily injury" such as "*extreme* physical pain or the *protracted impairment* of a function of a bodily member, organ, or mental facility; or requir[e] medical intervention such as *surgery, hospitalization*, or *physical rehabilitation*." *United States v. Perez*, 519 F. App'x 525, 528 (11th Cir. 2013) (citing U.S.S.G. § 1B1.1, comment. (n.1(L)) (emphasis in original). A Taser does not meet this statutory definition of a dangerous weapon.

Further, the Government's argument and assertion as to a Taser being a deadly or dangerous weapon strains credulity at best. As previously mentioned, the Taser is a common, nigh universal law enforcement compliance and deterrent tool. So much so that it is common practice in a vast majority of academies, including federal law enforcement academies, to purposefully deploy a Taser on cadets[6]. Such would hardly be common practice were a Taser considered a deadly or dangerous weapon.

A Taser is undoubtedly painful, designed to deter or incapacitate attackers temporarily. However, it is not capable of, nor likely to cause the kind of extreme pain or serious bodily injury required to be classified as a deadly or dangerous weapon. *Perez*, 519 F. App'x at 528. The Government has failed to offer evidence that the Taser could or did cause serious bodily injury. There is nothing in the Second Superseding Indictment which indicates that the Taser can or did cause extreme physical pain or protracted impairment of a bodily function or require medical intervention such as surgery, hospitalization, or physical rehabilitation. In fact, the Taser is not alleged to have been deployed, or even displayed from its carrying case. Therefore, this Court

---

[6] https://www.youtube.com/watch?v=_K6BVhJznLI
https://www.youtube.com/watch?v=MSEWFpAltEw
https://www.youtube.com/watch?v=ROn_GkT0PlU
https://www.youtube.com/watch?v=RMcs0FRCm-w

should find that, as a matter of law, a Taser is not a deadly or dangerous weapon and dismiss the counts in the Second Superseding Indictment which contain this enhancement.

### C. THE INDICTMENT IS DEFECTIVE BECAUSE THERE ARE MULTIPLICITOUS CHARGES AIMED AT PREJUDICING MR. MUNCHEL BEFORE THE JURY.

The law guards against multiplicitous charges as bringing multiple charges for the same action threaten to improperly bias the jury and can also implicate double jeopardy concerns. *See Phillips*, 962 F. Supp. at 202. Mr. Munchel moves to dismiss the multiplicitous charges in the Second Superseding Indictment pursuant to Federal Rules of Criminal Procedure Rule 12(b)(3)(B)(ii). An indictment is multiplicitous, and thereby defective, if a single offense is alleged in a number of counts, unfairly increasing a defendant's exposure to criminal sanctions." *Brown*, No. 07-cr-75, 2007 WL 2007513, at *6.

In the present case, the Second Superseding Indictment's Counts Two, Five, Eight, Nine, and Ten all seemingly refer to the same offense and are, therefore, multiplicitous. All of these charges seemingly allege to Mr. Munchel's actions and presence at an unspecified restricted location or locations directly having some effect on an official proceeding, though the allegations in all three counts are so vague as to make any determination impossible as to what Mr. Munchel is alleged to have actually done. Five charges for the same single offense are unconscionable, multiplicitous, grossly and dangerously prejudicial and acutely violative of Mr. Munchel's rights.

As a result, the Government must now choose between these charges, select one to proceed with the prosecution, amend said charge to state with specificity the alleged crime, or risk unfairly prejudicing Mr. Munchel before the jury.

Similarly, Counts Three, Five, and Seven all seem to refer to the same alleged conduct, however nothing in any of the three counts gives the remotest clarification of what exactly Mr. Munchel is alleged to have specifically done or where and further fails to state an offense as a Taser is not a dangerous or deadly weapon.

These multiplicitous charges make the Second Superseding Indictment Constitutionally defective, and thus dismissal is warranted.

## IV.   CONCLUSION

Viewing the Second Superseding Indictment, considering all the facts alleged to be true, and considering the document as a whole, the Second Superseding Indictment is categorically defective. The Superseding Indictment lacks specificity throughout, fails to state an offense with regard to the deadly or dangerous weapon enhancements, and has multiple charges for the same offense. As a result of these defects, the Second Superseding Indictment is Constitutionally deficient and dismissal by this Court is warranted, and indeed, a necessary remedy.

Respectfully submitted,

_____

Joseph W. Allen, MO BAR #57669
1015 W. State Hwy. 248 Ste. I
Branson, MO 65616
Telephone:  417/334-6818
Facsimile:  417/612-7081
joe@mybransonattorney.com
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March 2023, I filed the foregoing Motion to Dismiss the Superseding Indictment as Defective, and a proposed Order by the Court's CM/ECF system. All case registered parties will be served by CM/ECF.

_____

Joseph W. Allen