UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| v.                           ) | Case No. 21-CR-00118-RCL-1 |
| ) | |
| ERIC GAVELEK MUNCHEL,        ) | |
| ) | |
| Defendant.            ) | |
| _____) | |

### DEFENDANT'S MOTION FOR CHANGE OF VENUE
### PURSUANT TO 18 U.S.C. § 3237(a)

**COMES NOW** Defendant, by and through his counsel of record, Joseph W. Allen, and in keeping with Rule 12(b) respectfully tenders his Motion for Change of Venue pursuant to 18 U.S.C. § 3237(a). A brief in support is being submitted simultaneously with this motion.

Respectfully submitted,

_/s/ Joseph W. Allen_

_____
Joseph W. Allen, MO BAR #57669
1015 W. State Hwy. 248 Ste. I
Branson, MO 65616
Telephone:  417/334-6818
Facsimile:  417/612-7081
joe@mybransonattorney.com
**Attorney for Defendant**

1

## CERTIFICATE OF SERVICE

    I hereby certify that on the 6th day of March 2023, I filed the foregoing Motion For Change of Venue and a proposed Order by the Court's CM/ECF system. All case registered parties will be served by CM/ECF.

_____
Joseph W. Allen

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 21-CR-00118-RCL-1 |
| ) | |
| ERIC GAVELEK MUNCHEL, ) | |
| ) | |
| Defendant. ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR CHANGE OF VENUE PURSUANT TO 18 U.S.C. § 3237(a)**

The Defendant, Eric Munchel (Mr. Munchel), by and through Counsel, respectfully requests this Court make and enter its Order transferring venue of this case for prosecution and trial to the Middle District Court of Tennessee pursuant to 18 U.S.C. § 3237(a) as the Government has, in the Information filed with the Indictment of Mr. Munchel, stated that the alleged offenses Mr. Munchel has been charged with began and were concluded in Nashville Tennessee[1]. Therefore, venue in the Middle District Court of Tennessee is proper.

I.   FACTUAL BACKGROUND

On or about January 10, 2021, Mr. Munchel was arrested in Nashville, TN after he voluntarily surrendered himself to law enforcement on a complaint alleging charges arising out of events on January 6, 2021. (*See* ECF Dkt. Nos. at 1).  Pursuant to the Statement of

---

[1] It is imperative to note that Mr. Munchel does not admit or acquiesce to any of the charges against him, nor to any single action or sequence of actions which would tend to establish guilt. The entirety of the chain of reasoning herein is premised on the allegations contained in the Statement of Facts and the Superseding Indictment, assertions which originate with the Government alone. As Mr. Munchel is facing trial for the allegations contained in the Superseding Indictment, supported by the Statement of Facts, the question of venue is, necessarily, one to be determined based solely on the allegations which have raised the issue in the first place. Therefore, all the argument contained herein must, by necessity, be premised in the Government's *ex parte* allegations *prima facie*.

Facts filed January 16, 2021 (*See* ECF at 1 ), Mr. Munchel is alleged to have traveled from his residence in Nashville Tennessee to Washington D.C. to participate in the January 6 protest and then to have returned to Tennessee thereafter.

## II.   LEGAL STANDARD

18 U.S.C. § 3237(a) states, in relevant part:

 "Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."

This has been addressed by multiple courts, including the United States Supreme Court where it was determined that the whole of a crime may be tried where any part can be proved to have been done *United States v. Rodriguez-Moreno*, 526 U.S. 275, 281, 119 S. Ct. 1239, 1244 (1999); in *United States v. Seward*, 967 F.3d 57, 60 (1st Cir. 2020) it was determined that the nature of the crime for the purposes of venue is focused on the conduct that comprised the offense; further, in *United States v. Salinas*, 373 F.3d 161, 164 (1st Cir. 2004) it was reiterated that the so called "verb test" is rejected as the sole means of identifying the criminal conduct for the purposes of venue, but rather the elements of the crime as a whole.

## III.   ARGUMENT

Mr. Munchel is facing eight counts of criminal charges for alleged actions and conduct arising out of the events of January 6, 2021, in Washington D.C. (*See* ECF at 140). It is an uncontroverted fact that Mr. Munchel is a resident of Tennessee, and that he traveled from his home in Nashville to Washington D.C., that he participated in the protest at the Capital on

January 6 2021, and returned to his home in Nashville Tennessee thereafter. The Statement of Facts alleges that Mr. Munchel was carrying an electronic pulse device, commonly called a Taser, during the events on January 6, 2021.

It is also a well-known fact that the Presidential Election of 2020 was highly controversial and divisive across the nation as a whole. Mr. Munchel was deeply invested in the outcome of that election, as evidenced by his participation in the January 6 protest. The plan to travel to D.C. to participate in the protest was not a spur of the moment consideration or a spontaneous action on the part of Mr. Munchel. Therefore, if the Statement of Facts is to be taken at face value, the alleged charges contained in the Superseding Indictment began weeks before January 6, 2021, in Nashville Tennessee as for at least Counts 1, 2, 3, 5, 8, 9 and 10 of the Superseding Indictment there is a requisite element of *mens rea*. This alleged intent exceeded simple formulation of intent in Tennessee by Mr. Munchel. Asserted and inferred in the Statement of Facts and Superseding Indictment is the allegation that Mr. Munchel obtained and travelled with the alleged "dangerous weapon" from Nashville Tennessee to Washington D.C. and said "dangerous weapon" is an element in Counts Three, Five, and Seven of the Superseding Indictment.

In keeping with the Statement of Facts and the Superseding Indictment, not only did the acts that Mr. Munchel allegedly committed begin in their intent in Tennessee, but they were continued there as well until the date of his arrest. Per the allegations made by the Government, Mr. Munchel is alleged to have knowingly and with intent committed acts of obstruction, and interference while armed with a dangerous weapon brought with him from Tennessee, and then left Washington D.C. after their commission. By the Government's own narrative, this would constitute the act of fleeing to avoid prosecution, as Mr. Munchel is alleged to have committed

the alleged acts with knowledge and intent, and therefore with the necessary burden of this knowledge, made his way back to Tennessee.

1. **Pre January 6**

"Where there is no venue provision, the "locus delicti must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *Salinas*, 373 F.3d at 164 (quoting *United States v. Anderson*, 328 U.S. 699, 703, 66 S. Ct. 1213, 90 L. Ed. 1529 (1946)). To determine a locus delicti, courts "identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279, 119 S. Ct. 1239, 143 L. Ed. 2d 388 (1999)"

*United States v. Baugh*, No. 20-10263-PBS, 2022 U.S. Dist. LEXIS 66293, at *9 (D. Mass. Apr. 11, 2022).

In identifying the conduct of the alleged criminal acts of Mr. McHugh, it is necessary that they be taken in their totality as the entire chain of events that lead to the charges in Mr. Munchel's case do not begin on January 6, 2021, but rather much earlier. Indeed, the 1st Circuit has held, "To determine where venue can be appropriate, courts focus on "the conduct comprising the offense," but do not focus exclusively on "action verbs" in statutes to identify the conduct at issue. *Seward*, 967 F.3d at 61 (citations omitted)." *United States v. Baugh*, No. 20-10263-PBS, 2022 U.S. Dist. LEXIS 66293, at *10 (D. Mass. Apr. 11, 2022). Further it has been held that,

"Fed. R. Civ. P. 18 provides that, unless otherwise permitted by statute or the Federal Rules of Civil Procedures, the government must prosecute an offense in a district where the offense is committed. Fed. R. Crim. P. 18. When the statute proscribing the offense does not contain an express venue provision, the locus delicti must be determined from the nature of the crime alleged and the location of the act or acts constituting it. In performing this inquiry, a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts."

*United States v. Morgan*, 364 U.S. App. D.C. 169, 171, 393 F.3d 192, 194 (2004)

The entirety of every alleged charge in Mr. Munchel's case rests on the same factual conduct, that he did, with planning and forethought, travel from Nashville Tennessee to

Washington D.C. for the purpose of participating in the January 6 protest. Beyond the general necessity of the planning and preparation in Nashville Tennessee, Counts Three, Five, and Seven all state that the offense was committed with a dangerous weapon, namely a Taser and the alleged "weapon" was brought with Mr. McHugh from Tennessee.

This alleged conduct establishes that for each of the alleged crimes charged, *but for* the planning, preparation, and purpose in traveling from Tennessee to Washington D.C., the proceeding allegations would not have been made, nor would an Indictment have been filed. Under the requisite *mens rea* contained in the majority of the alleged offenses, and the specific enhancement of carrying and using a dangerous weapon, a "weapon" obtained in Tennessee and transported to Washington D.C., the offenses themselves bear distinct parts in both the intent and the execution. Thus, where the intent is a necessary and distinct element of the charged offense, compounded by the necessary and distinct element of the carrying and/or use of a dangerous weapon, the location wherein the intent was formulated and initiated, and the "dangerous weapon" obtained and subsequently transported is proper venue under 18 U.S.C. § 3237(a). Therefore, on the Government's own charges, Tennessee is a proper venue wherein to prosecute and try this case, as, "For offenses that span multiple jurisdictions, or "where a crime consists of distinct parts which have different localities[,] the whole may be tried where any part can be proved to have been done." *United States v. Seward*, 967 F.3d 57, 60 (1st Cir. 2020); and further,

"…the Court built on *Anderson* and articulated a two-part analysis for determining where the wrong was committed and where venue may properly be set. *Rodriguez-Moreno* directs that we first examine the "nature of the crime alleged," seeking to identify the crime's "essential conduct elements." 526 U.S. at 279-80. Second, we identify the locations where the criminal acts were committed. *Id.* at 279; *see also Cabrales*, 524 U.S. at 6-7."
*United States v. Miller*, 808 F.3d 607, 615 (2d Cir. 2015).

7

Clearly, the "essential conduct element" of intent and dangerous weapon exists here as in the majority of the alleged offenses in the Indictment against Mr. Munchel these are requisite and therefore necessary elements of the alleged offenses.

2. **Post January 6**

After January 6, 2021, Mr. Munchel returned to his home in Nashville Tennessee. Per the Statement of Facts and the Superseding Indictment, Mr. Munchel made his way back to California after allegedly committing multiple offenses, the majority of which require a requisite mental state of intent and nearly half of which require a "dangerous weapon". As Mr. Munchel had planned his trip to Washington D.C. and simultaneously therewith also planned his return to his home, by the Government's necessary reasoning based on the alleged offenses contained in the Indictment and the sequence of events contained in the Statement of Facts, Mr. Munchel knowingly and with intent left Washington D.C. after the commission of multiple felonious offenses. Thus, where the allegation of guilt has attached and the assertion as to Mr. Munchel's knowledge thereof, Tennessee becomes the jurisdiction and venue wherein the alleged offenses were completed thereby also making it a proper venue under 18 U.S.C. § 3237(a).

The Government will no doubt argue that the Sixth Amendment of the United States Constitution is abundantly clear as to the issue of venue. However, the Sixth Amendment is equally supportive of Mr. Munchel's motion as it states, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, <u>which district shall have been previously ascertained by law</u>…" *USCS Const. Amend. 6, Part 1 of 17* (emphasis added). Clearly the broad issue of venue was left by our Founding Fathers to be a question of law for the Court under the unique circumstances of the individual cases that may arise.

The Government will also no doubt argue such cases as *United States v. Miller*, 808 F.3d 607, 615 (2d Cir. 2015) and *United States v. Wright*, No. 2:16-cr-46, 2016 U.S. Dist. LEXIS 139076, at *5 (D. Vt. Oct. 6, 2016) where the Courts found that "The determination of criminal venue is informed by where physical conduct occurred, and not where criminal intent was formed." However, as has been demonstrated, on the basis of the allegations contained in the Government's own Statement of Facts and Superseding Indictment, Nashville Tennessee is not merely where intent was formed, but also where the alleged acts were planned, initiated, and concluded and further where Mr. Munchel obtained the "dangerous weapon" he is alleged to have possessed in the commission of all charged offenses, three of which bear an enhancement for said possession. Thus, the physical conduct comprising the allegations against Mr. Munchel also began in Nashville Tennessee.

### IV.    Conclusion

The alleged charges against Mr. Munchel as contained in the Superseding Indictment have multiple essential elements, the majority of which require intent on the part of Mr. Munchel in their commission and nearly half of which require the carrying or use of a dangerous weapon. The Statement of Facts filed in this case attempts to support these elements by demonstrating the travel of Mr. Munchel and noting the Taser he is alleged to have been carrying on January 6, 2021 in the commission of these alleged offenses.

In so doing, the Government asserts that Mr. McHugh's intent to commit the alleged offenses, along with the acquisition of the means by which to carry out the offenses began, was planned, initiated, and then concluded in Nashville Tennessee. Therefore, for the forgoing reasons, a change of venue to the Middle District Court of Tennessee for the prosecution and trial of this case is just and proper in keeping with U.S.C. 18 § 3237(a).

**WHEREFORE** Defendant respectfully prays this Court find that the elements for transfer of venue pursuant to U.S.C. 18 § 3237(a) have been met; that the Middle District Court of Tennessee is a proper venue wherein to prosecute and try this case; that Defendant is desirous of having this case transferred to the Middle District Court of Tennessee; that Defendant's motion to move this case to the Middle District Court of Tennessee is sustained; and for such other and further relief as this Court shall deem just and proper on the premise.

Respectfully submitted,

_____
Joseph W. Allen, MO BAR #57669
1015 W. State Hwy. 248 Ste. I
Branson, MO 65616
Telephone:  417/334-6818
Facsimile:  417/612-7081
joe@mybransonattorney.com
**Attorney for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March 2023, I filed the foregoing Motion for Change of Venue and a proposed Order by the Court's CM/ECF system. All case registered parties will be served by CM/ECF.

_____
Joseph W. Allen