## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case. No. 21-CR-118 (RCL) |
| | ) | |
| ERIC MUNCHEL and | ) | |
| LISA EISENHART, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### DEFENDANTS' JOINT MOTION FOR RELEASE PENDING APPEAL

Pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) and Fed. R. Crim. P. 46(c) and 38(b)(1), Defendants Eric Munchel and Lisa Eisenhart respectfully move this Court for release pending appeal. Defendants satisfy the criteria for release on appeal, because they pose no flight or safety risk, their appeals are not for the purpose of delay, and their appeals raise a substantial question of law that, if decided in Defendants' favor, would likely result in a reduced sentence that would expire before their appeals conclude.

### Relevant Background

On October 7, 2022, Mr. Munchel was indicted on eight charges: conspiracy to obstruct an official proceeding in violation of 18 U.S.C. § 1512(k) (Count One), obstruction of an official proceeding and aiding and abetting in violation of 18 U.S.C. § 1512(c)(2) (Count Two); entering and remaining in a restricted building or grounds with a deadly or dangerous weapon in violation of 18 U.S.C. § 1752(a)(1), (b)(1)(A)

1

(Count Three); disorderly and disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon in violation of 18 U.S.C. § 1752(a)(2) (Count Five); unlawful possession of a dangerous weapon on Capitol grounds in violation of  40 U.S.C. § 5104(e)(1)(A) (Count Seven); entering and remaining in the gallery of Congress in violation of 40 U.S.C. § 5104(e)(2)(B) (Count Eight); disorderly conduct in the Capitol building in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Nine); and parading, demonstrating, or picketing in a the Capitol building in violation of 18 U.S.C. § 5104(e)(2)(G) (Count Ten). ECF 140.

Defendant Lisa Eisenhart was similarly charged under Counts One and Two with conspiracy to obstruct, and substantive obstruction of an official proceeding. Ms. Eisenhart was not charged in Count Three, but instead was charged in Count Four with entering and remaining in a restricted building or grounds (*without* a deadly or dangerous weapon), in violation of 18 U.S.C. § 1752(a)(1) – a mere misdemeanor.  Ms. Eisenhart was not charged in Count Five, but instead was charged in Count Six with disorderly and disruptive conduct in a restricted building or grounds (again, *without* a deadly or dangerous weapon) in violation of 18 U.S.C. § 1752(a)(2) – also a misdemeanor.  Ms. Eisenhart was *not* charged in Count Seven's charge of unlawful possession of a dangerous weapon.  She was charged in Counts Eight, Nine and Ten, but each of those counts also involved mere misdemeanor charges.

On March 6, 2023, Ms. Eisenhart filed a motion to dismiss Counts One and Two, charging obstruction, and specifically cited to and adopted Judge Nichols'

opinion issued in *United States v. Fischer*, 21-cr-234. *See* ECF 176.  Mr. Munchel separately filed a Motion to Adopt that motion.  ECF 182 (Motion to Adopt Co-Defendant's Motions including ECF 176). Both Defendants thus argued that their conduct on January 6, 2021 failed to fit within the scope of Section 1512(c)(2), because the indictment did "not allege or imply that [they] took any action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence Congress's certification of the electoral vote." ECF 176 at 20-21.

On April 7, 2023, the D.C. Circuit decided *Fischer*, adopting a "broad interpretation" of Section 1512(c)(2) that "encompass[es] all forms of obstructive acts[,]" not just those related to a "record, document or other object" as required in Section 1512(c)(1). *United States v. Fischer*, 64 F.4th 329, 327 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023). Soon after, on April 18, 2023, this Court rejected the Defendants' argument that Section 1512(c)(2) was limited to documents, records, or other objects. ECF 200 at 9-19.

On April 18, 2023, following a stipulated trial, Mr. Munchel and Ms. Eisenhart were each convicted on all of the counts on which they had been charged. With respect to both Defendants, however, the Government had specifically agreed that "proceeding with [the] Stipulated Trial will not curtail, abridge or otherwise affect your right to appeal the legality, constitutionality or applicability of Count 1 of the current indictment, which charges a violation of 18 U.S.C. § 1512(k), or Count 2, which charges a violation of 18 U.S.C. § 1512(a)(2) and 2." ECF 203 & 204.

On September 8, 2023, Mr. Munchel was sentenced to an aggregate term of 57 months' imprisonment (57 months on Counts 1, 2, 3, 5, and 7 and six months on Counts 8, 9, and 10, all to be served concurrently). Ms. Eisenhart was sentenced to an aggregate term of 30 months' imprisonment (30 months on Counts 1 & 2, 12 months on Counts 4 & 6, and six months on Counts 8, 9 & 10, all to be served concurrently). Both defendants filed timely notices of appeal. Both Defendants' current self-surrender date is January 26, 2024.

On December 13, 2023, the Supreme Court granted a writ of certiorari in *Fischer*, which presented the following question: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?" Pet. For a Writ of Certiorari at I, *Fischer v. United States*, No. 23-5572 (Sept. 11, 2023), *cert. granted*, 2023 WL 8605748 (Dec. 13, 2023).

## **Grounds for Release Pending Appeal**

Where a judicial officer finds--

(A)   by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

(B)   that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

    (i)   reversal,

    (ii)   an order for a new trial,

> (iii)   a sentence that does not include a term of imprisonment, or
>
> (iv)   a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> . . . such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b)(1).

## A.   Defendants pose no flight or safety risk.

Defendants' conduct since their release in this case has demonstrated by clear and convincing evidence that they will not flee and are not a safety risk. Following their release on March 29, 2021, both Defendants have fully complied with all conditions of release and appeared for all court appearances, have maintained full-time employment, and demonstrated remorse for their conduct.  Mr. Munchel also got married and has had a child, and is more likely than ever to comply with this Court's dictates.

## B.   Defendants' appeal raises a substantial question and therefore is not for the purpose of delay.

After determining that a defendant is neither a flight risk nor a danger to the community, courts use a two-step inquiry to determine whether to release that defendant pending appeal under § 3143(b)(1): "(1) Does the appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be

likely to lead to [one of the options enumerated in § 3143(b)(1)(B)(i)-(iv)]?" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curium). A "substantial question" within the meaning of § 3143(b) is "'a close question or one that very well could be decided the other way.'" *Perholtz*, 836 F.2d at 555 (citing *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)).

Defendants meet all of the statutory criteria for release pending appeal. A substantial question exists as to whether the statute underlying the Defendants' lead felony convictions in Counts One and Two, 18 U.S.C. § 1512, applies to their conduct on January 6, 2021, in light of the Supreme Court's recent decision to grant a writ of certiorari in *United States v. Fischer,* No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023). The appeal bond standard does not require the Court to find that Defendants' appeal establishes a *likelihood of reversal. See Bayko*, 774 F.2d at 522-23. Rather, the Court must "evaluate the difficulty of the question" on appeal, and grant release pending appeal if it determines that the question is a close one or one that "'very well *could* be decided'" in the defendant's favor. *United States v. Shoffner,* 791 F.2d 586, 589 (7th Cir. 1986) (emphasis added) (quoting *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir. 1985)).

As the Court is aware, both Defendants challenged the application of the felony obstruction statute, 18 U.S.C. § 1512(c)(2), on numerous grounds, including that the requirement that a defendant must act "corruptly" involves language is undefined and vague; that the term "official proceeding" is undefined and vague; that "corrupt

purpose" must be limited to a narrow category of situations in which a defendant has personally benefited, and that the statute's "otherwise" clause requires proof of a separate offense which was not alleged here. ECF 176.  Those issues might well provide an independent ground for release on appeal, even if the issue raised in *Fischer* ultimately were to be decided against them.

Most relevant here, however, is Defendants' argument that the conduct they were accused of committing cannot qualify as conduct that "otherwise obstructs, influences, or impedes" an official proceeding, because § 1512(c)(2) is limited by § 1512(c)(1). ECF 176 at 20-21. Read as such, subsection (c)(2) prohibits only conduct "with respect to a document, record, or other object." *Id.* at 20. As to that issue, substantiality is no longer hypothetical or debatable: the Supreme Court has granted certiorari to assess whether the D.C. Circuit erred in adopting a broad reading of § 1512(c) "to include acts unrelated to investigations and evidence." See Pet. For a Writ of Certiorari at I, *Fischer v. United States*, No. 23-572 (Sept. 11, 2023), *cert. granted*, 2023 WL 8605748 (Dec. 13, 2023). The Supreme Court granting certiorari is, of course, an incredibly strong indication of substantiality. *See, e.g.,* Sup. Ct. R. 10 ("The following . . . indicate the character of the reasons the Court considers [when reviewing a writ of certiorari]: . . . a United States court of appeals has decided an important question of federal law that has not been, but should be, settled by this Court.").  Stated simply, if no substantial question existed, certiorari in *Fischer* would

have been denied. The Supreme Court accepts less than a hundred of 4000+ certiorari petitions filed each year, confirming the instant legal issue as "substantial."

**C.    Resolution of this substantial question in Defendants' favor would likely result in a reduced sentence of imprisonment that would expire before the appeal concludes.**

If decided in Defendants' favor, their appellate challenge to the applicability of Section 1512(c)(2) would likely result in the vacatur of Counts One and Two, and a reduced imprisonment sentence that would expire before their appeal concludes. Mr. Munchel's sentence is driven by the 57 months the Court imposed on the felony § 1512 counts. The remaining, concurrent sentences for Mr. Munchel's convictions would be reduced without the § 1512 convictions; absent the obstruction count his sentence would likely be "less than the total of the time already served [89 days between January 10 and March 29, 2021] plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(v).

Mr. Munchel submits that the sentencing-package doctrine requires that all of his sentences be vacated upon the reversal of the felony obstruction conviction. "This result rests on the interdependence of the different segments of the sentence, such that removal of the sentence on one count draws into question the correctness of the initial aggregate minus the severed element." *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006). *See United States v. Gilbert Fonticoba*, Docket No. 21-cr-628 (TJK) (Minute Order denying stay of sentencing pending Supreme Court's decision

in *Fischer*, but stating that "if Defendant receives a sentence of incarceration," the "Court will consider any request that he remain on release pending appeal").

Without the felony obstruction convictions (Counts One and Two) that were grouped with Count Three, Five, and Seven, the applicable guideline range would have been substantially lower, 1-7 months' imprisonment. This is because without the obstruction count, entering and remaining in a restricted building or grounds with a deadly or dangerous weapon pursuant to 18 U.S.C. § 1752(a)(1) an(b)(1)(A) (Count Three) and disorderly and disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon pursuant to 18 U.S.C. § 1752(a)(2), (b)(1)(A) and 2) (Count Four) are the lead counts. If Counts Three and Four drive the guideline range, USSG § 2B2.3 would apply. *See* PSR ¶ 85. Under § 2B2.3(a), the base offense level is 4. A two-level increase for committing the offenses in a restricted building or grounds under § 2B2.3(b)(1)(A)(vii) and a two-level increase for possessing a dangerous weapon under U.S.S.G. § 2B2.3(b)(2) would apply, bringing Mr. Munchel's total offense level to 8. Assuming he received a two-level reduction for acceptance of responsibility as he previously did, his overall offense level would be 6, yielding a guideline range of 1-7 months in Criminal History Category II.[1]

---

[1] Mr. Munchel earned two criminal history points for two convictions, one in 2013 and one in 2014, for misdemeanor possession of marijuana (less than one ounce), placing him in Criminal History Category II. Since Mr. Munchel's sentencing hearing, the Sentencing Commission has determined that a downward departure may be warranted where the "defendant received criminal history points from a sentence for possession of marijuana for personal use, without an intent to sell or distribute it to another person," as Mr. Munchel did. USSG § 4A1.3, App. note 3(A)(ii).

If Ms. Eisenhart's obstruction convictions are reversed, she will be left with only misdemeanor convictions, which each carry a maximum statutory sentence of (at most) only 12 months of imprisonment, all imposed to run concurrent with each other.[2] As explained above, Ms. Eisenhart's guideline ranges in Counts Four and Six may also be lower without any cross-reference to obstruction, or due to zero criminal history points. Yet she has served about 3 months of incarceration on this case already.

The current median time interval from the filing of a notice of appeal to disposition in the D.C. Circuit is 11.3 months,[3] and this appeal may take longer in light of the certiorari grant in *Fischer*. Given that the D.C. Circuit will likely hold Defendants' appeal in abeyance pending the Supreme Court's decision in *Fischer*, even if nothing else changes, Mr. Munchel's sentence absent the obstruction counts will likely be less than the expected duration of the appeal process plus the 89 days of incarceration that he has already served. And Ms. Eisenhart's almost certainly will be, creating a great risk she may serve more time than required.

---

[2] Ms. Eisenhart had zero criminal history points.  Since Ms. Eisenhart's sentencing hearing, the Sentencing Commission adopted a change granting a further two-level Offense Level reduction for such defendants, and this change can also be applied to prior sentences retroactively starting February 1, 2024. *See* USSG Amendment 821.

[3] U.S. Courts of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2021 (Table B-4), *available at* https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2021.pdf.

Defendants are aware of this Court's recent decision in *United States v. Bingert et. al,* Docket No. 21-cr-91 (RCL), denying those defendants' motions for release pending appeal, but this case is distinguishable. In *Bingert*, this Court noted that, even if *Fischer* were decided in favor of those defendants, each had a 36-month sentence on a non-grouped offense that would not be affected by *Fischer*, and whose service still would not be complete before *Fischer* gets decided. That is not evident here – as noted above, Mr. Munchel's offenses were grouped with his obstruction counts. And Ms. Eisenhart would not even have any felony offenses (or sentences) if her § 1512 convictions (Counts One and Two) get reversed. It is highly unlikely their appeal will be finally decided within the next 9 months. Moreover, the Defendants' BOP security classifications (and early release options) may also be negatively affected by felony obstruction convictions; if *Fischer* were to yield a reversal, Ms. Eisenhart would be in BOP custody as a mere misdemeanant. Again, this may lead to her serving time incarcerated that the law does not require. *See United States v. Jacob Travis Clark*, Docket No. 21-cr-538 (DLF) (Minute Order granting § 3143 motion for release pending appeal, thereby deferring self-surrender date pending Supreme Court's resolution of *Fischer*).

## Conclusion

For the foregoing reasons, Defendants respectfully move this Court for release pending appeal under 18 U.S.C. § 3143(b)(1). If this Court finds it is unable, or is unwilling, to grant such release, Defendants also move in the alternative for an

extension of their self-surrender deadlines, to a date after the Supreme Court issues its final *Fischer* ruling. *See United States v. Clark*, Docket No. 21-cr-538 (DLF) (Minute Order granting stay of self-surrender, after finding that grant of writ of certiorari in *Fischer* raises a substantial question of law, and that the sentence in that case was driven by the obstruction charge).

<div style="margin-left:40%">

Respectfully Submitted,

A.  J. KRAMER

Federal Public Defender for the
District of Columbia

by:_____s/_____
Sandra Roland
Assistant Federal Public Defender
625 Indiana Avenue, NW
Washington D.C. 20004
202 208-7500
sandra_roland@fd.org
*Counsel for Defendant Eric Munchel*

Law Offices of Gregory S. Smith
by:  /s/ Gregory S. Smith
913 East Capitol Street SE
Washington, DC  20003
202 460-3381
gregsmithlaw@verizon.net
*Counsel for Defendant Lisa Eisenhart*

</div>

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing motion is being served upon counsel for the United States via the Electronic Case Filing system.

This 4th day of January, 2024.

<div style="margin-left:40%">

_____/s/_____
Sandra Roland

</div>

13