UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ERIC GAVELEK MUNCHEL and<br>LISA MARIE EISENHART,<br><br>     *Defendants*. | Case No. 21-cr-118-RCL |

## MEMORANDUM ORDER

Before the Court is Defendants' Joint Motion for Release Pending Appeal, ECF No. 254 [hereinafter Defs.' Mot.]. The government opposes the defendants' request. Gov't Opp'n, ECF No. 258. Upon consideration of the parties' filings, the applicable law, and the entire record, it is hereby **ORDERED** that the motion is **DENIED** as to Eric Gavelek Munchel and **GRANTED** as to Lisa Marie Eisenhart.

### I.  BACKGROUND

On April 18, 2023, after a stipulated bench trial, the Court found Mr. Munchel and Ms. Eisenhart guilty of several felony and misdemeanor offenses stemming from their participation in the Capitol Riot on January 6, 2021. Min. Entry (Apr. 18, 2023). The Court sentenced both defendants on September 8, 2023. Min. Entries (Sept. 8, 2023).

The Court found Mr. Munchel guilty of (1) conspiracy to commit obstruction in violation of 18 U.S.C. § 1512(k) (Count One), (2) obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) (Count Two), (3) entering and remaining in a restricted building or grounds with a deadly or dangerous weapon in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A) (Count Three), (4) disorderly and disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A) (Count Five), (5) unlawful

1

possession of a dangerous weapon on Capitol grounds or buildings in violation of 40 U.S.C. § 5104(e)(1)(A) (Count Seven), (6) entering and remaining in the Gallery of Congress in violation of 40 U.S.C. § 5104(e)(2)(B) (Count Eight), (7) disorderly conduct in a Capitol building in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Nine), and (8) parading, demonstrating, or picketing in a Capitol building in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Ten).

The Court sentenced Mr. Munchel to 57 months' incarceration and 36 months' supervised release on Counts One, Two, Three, Five, and Seven, and 6 months' incarceration on Counts Eight, Nine, and Ten. The Court set each term of incarceration and supervised release to run concurrently and ordered Mr. Munchel to pay a $530 special assessment and $2,000 in restitution. Mr. Munchel is scheduled to self-surrender on January 26, 2024.

The Court found Ms. Eisenhart guilty of (1) conspiracy to commit obstruction in violation of 18 U.S.C. § 1512(k) (Count One), (2) obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2) (Count Two), (3) entering and remaining in a restricted building in violation of 18 U.S.C. § 1752(a)(1) (Count Four), (4) disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2) (Count Six); (5) entering and remaining in the Gallery of Congress in violation of 40 U.S.C. § 5104(e)(2)(B) (Count Eight), (7) disorderly conduct in a Capitol building in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Nine), and (8) parading, demonstrating, or picketing in a Capitol building in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Ten).

The Court sentenced Ms. Eisenhart to 30 months' incarceration and 36 months' supervised release on Counts One and Two, 12 months' incarceration and 12 months' supervised release on Counts Four and Six, and 6 months' incarceration on Counts Eight, Nine, and Ten. The Court set each term of incarceration and supervised release to run concurrently and ordered Ms. Eisenhart

to pay a $280 special assessment and $2,000 in restitution. Ms. Eisenhart is also scheduled to self-surrender on January 26, 2024.

## II.   LEGAL STANDARD

§ 3143(b)(1) states that the Court "shall order the release" of a person who has been "found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal" if it finds: "(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[,]" and "(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1).

## III.   DISCUSSION

To prevail on their motion the defendants must show that (1) they are not likely to flee or pose a danger to the safety of any other person or the community if released, (2) the appeal is not for the purpose of delay, (3) the appeal raises a substantial question of law or fact, and (4) they are likely to obtain a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See* 18 U.S.C. § 3143(b)(1); *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1988) (per curiam).

### 1.

The Court finds by clear and convincing evidence that the defendants are not likely to flee or pose a danger to the safety of the community. The Court would not have permitted defendants to self-surrender—and granted their *unopposed* motions to extend their self-surrender deadlines—unless defendants satisfied this requirement. *See* ECF Nos. 242, 246; *see also* 18 U.S.C. § 3143(a)(1) (requiring detention pending sentence unless the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety" of others).

3

The government's only argument is that "now that both [defendants] have been convicted and sentenced to a significant period of incarceration . . . the incentive to flee or engage in dangerous conduct has grown." Gov't Opp'n 4. But this is as true today as it was on September 9, 2023, when, after imposing sentence, the Court released the defendants on their personal recognizance. Min. Entries (Sept. 9, 2023). Nothing has changed since then to suggest that defendants are now more likely to flee or endanger others. Quite the contrary. Mr. Munchel's wife recently gave birth to a child. Ms. Eisenhart is the child's grandmother. The Court is satisfied that the defendants will not now flee their burgeoning family or begin to endanger others.

## 2.

The Court finds that the defendants' appeal is not for the purpose of delay and raises a substantial question of law. Defendants intend to argue on appeal that their conduct on January 6 was not proscribed by 18 U.S.C. § 1512(c)(2). Defs.' Mot. 6–7. The Supreme Court recently granted certiorari to consider the scope of § 1512(c)(2) and whether it applies to conduct like the defendants'. *Fischer v. United States*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023); Pet. for Cert., *Fischer v. United States*, No. 23-5572 (filed Sept. 11, 2023). A substantial question within the meaning of § 3143(b) is a "close question or one that very well could be decided the other way." *Perholtz*, 836 F.2d at 555. "The question of whether [the] Defendant[s'] admitted conduct violates § 1512(c)(2) meets this standard." *United States v. Adams, Jr.*, No. 21-cr-354 (APM), 2024 WL 111802, at *2 (D.D.C. Jan. 10, 2024). Although the Supreme Court may have granted certiorari merely to clarify the *Fischer* majority's "fractured" holding, *see United States v. Carrell,* No. 23-cr-139 (BAH), ECF No. 75 at 4 (D.D.C. Jan. 4, 2024), the Court's decision indicates that defendants raise at least a "close question." *See Adams*, 2024 WL 111802, at *2.

4

**3.**

All that remains is whether the defendants "are likely to obtain a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process" if they prevail on appeal. 18 U.S.C. § 3143(b)(1)(B)(iv). The Court will consider Mr. Munchel and Ms. Eisenhart's claims separately.

**A. Erik Gavelek Munchel**

Mr. Munchel was convicted of five felony and three misdemeanor counts. Two of those felony counts are at risk if the Supreme Court reverses *Fischer* and cabins 18 U.S.C. § 1512(c)(2). Assuming his § 1512(c)(2) counts drop away, Mr. Munchel will still be guilty of three felony offenses, including entering and remaining in a restricted building or grounds with a deadly or dangerous weapon in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A), disorderly and disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A), and unlawful possession of a dangerous weapon on Capitol grounds or buildings in violation of 40 U.S.C. § 5104(e)(1)(A). Mr. Munchel believes that the applicable guideline range on resentencing (assuming his § 1512(c)(2) convictions are vacated) would be 1-7 months imprisonment. Defs.' Mot 9. The government believes the applicable guideline range would be 10-16 months imprisonment. Gov't Opp'n 10. Mr. Munchel has already served 3 months. Defs.' Mot 8; Gov't Opp'n 8.

"The current median time interval from the filing of a notice of appeal to disposition in the D.C. Circuit is 11.3 months." Defs.' Mot. 10 & n.3. Mr. Munchel filed his notice of appeal on September 17, 2023, so the Court will assume that his appeal will be completed approximately by September 1, 2024. Mr. Munchel has not yet self-surrendered. Assuming he self-surrenders on January 26, 2024, he will have served a maximum of roughly 10 months—the 7-month interval

between January 26, 2024 and September 1, 2024, plus the nearly 3 months he has already served—before the end of the appeal process. The question the Court must decide is whether the sentence Mr. Munchel is likely to obtain if he prevails on appeal is less than the 10 months he will have served if he is incarcerated through September 2024. *See Adams*, 2024 WL 111802, at *2 (applying the same logic).

The Court concludes that Mr. Munchel is not likely to receive a sentence of less than 10 months. Although the guidelines range at sentencing—46 to 57 months—is significantly higher than the 10-16 months range proposed by the government, the Court imposed a sentence at the high-end of the guidelines (57 months) because it reflected the seriousness of Mr. Munchel's conduct. The Court cannot predict how it would resolve the parties' dispute concerning the guidelines range, but it is highly unlikely the Court would reduce the 57-month sentence it imposed to less than 10 months. A sentence closer to 57 months is much likelier. Even without § 1512(c)(2), Mr. Munchel committed multiple serious felonies. And his conduct on January 6, which included entering the Senate Chamber with a taser strapped to his waist and zip ties in-hand, with the intention of intimidating members of Congress into delivering the 2020 election to former-President Trump, was outrageous. The Court will consider an upward variance from the revised guidelines range if needed to effectuate the purposes of punishment set forth in the § 3553(a) factors.

The Court will **DENY** the motion for release pending appeal as to Mr. Munchel.

### B. Lisa Marie Eisenhart

Ms. Eisenhart was convicted of two felony and five misdemeanor counts. Both felony counts are at risk if the Supreme Court reverses *Fischer*. Assuming her § 1512(c)(2) counts drop away, Ms. Eisenhart will be guilty of several misdemeanors. The highest maximum sentence that

6

she would face on any of her remaining counts of conviction would be 12 months. She has already served nearly 3 months. The question, like with Mr. Munchel, is whether the sentence Ms. Eisenhart is likely to obtain if she prevails on appeal is less than the approximately 10 months she will have served if she is incarcerated through September 2024. The answer is yes.

The Court can sentence Ms. Eisenhart to a maximum of 12 months on Counts Four and Six and a maximum of 6 months on Counts Eight, Nine, and Ten. The Court is unlikely to order Ms. Eisenhart's misdemeanor sentences to run consecutively because her conduct is not so egregious as to warrant an upward variance from the guidelines, which would be required. True, the Court originally sentenced Ms. Eisenhart to 30 months' incarceration after carefully considering the § 3553(a) factors. The Court has indicated that it would vary upwards to ensure an adequate sentence for Mr. Munchel. But the Court cannot say the same for Ms. Eisenhart, who was not convicted of any deadly and dangerous weapon felonies, did not engage in the same underlying conduct as her son, did not herself become a symbol of the fear and uncertainty of January 6, and has already received the benefit of a *downward* variance. The Court concludes that the sentence Ms. Eisenhart is likely to receive if she prevails on appeal is less than the 10-months she will have served by the conclusion of her appeal later this year.

The Court will **GRANT** the motion for release pending appeal as to Ms. Eisenhart.

### IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Defendants' Joint Motion [254] for Release Pending Appeal is **DENIED** as to Eric Gavelek Munchel and **GRANTED** as to Lisa Marie Eisenhart.

It is further **ORDERED** that Ms. Eisenhart's self-surrender date is continued while she is released pending appeal.

It is further **ORDERED** that Ms. Eisenhart's conditions of release shall be the same as the conditions of supervised release set forth in the Judgment.

It is further **ORDERED** that the parties shall contact the court within five days of the Supreme Court issuing its decision in *Fischer* to schedule a status conference to address whether further proceedings will be necessary.

**SO ORDERED.**

Date: January 25, 2024

Royce C. Lamberth
United States District Judge